RECEIVED
NOV 7 2022
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
NOV 7 2022
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA
Plaintiff,
v.                                          CASE NO: 1:16-CR-00059-RP
TIMOTHY MARQUARDT,
Defendant,
_____/

## DEFENDANT'S MOTION UNDER RULE 60(a) AND REQUEST

## TO FILE A PETITION PURSUANT TO 28 U.S.C. § 2255

Defendant, Timothy Marquardt, pro se, respectfully requests this court grant him permission to file an appeal pursuant to 28 U.S.C. § 2255 based upon the Clerk of the Courts "clerical mistake; oversight and omission." under Fed. R. Civ. P. 60(a). On June 10th, 2016, the Honorable Judge Sam Sparks sentenced Mr. Marquardt to 151 months of imprisonment for violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), possession with intent to distribute 50 grams or more of actual methamphetamine and 18 U.S.C. §§ 922(g)(1) and 924(a)(2), unlawful possession of a firearm by a felon. Defendant was then remanded to the custody of TDCJ until January 5th, 2017. Mr. Marquardt had requested that his counsel file a notice of appeal after sentencing, yet the notice of appeal was never filed.

When Mr. Marquardt entered Bureau of Prisons custody, he became aware that his counsel at sentencing never filed the requested notice of appeal or any appeal relating to Defendant's concerns. Mr. Marquardt then requested his docket sheet on five separate occasions in order to verify whether or not counsel had filed any appeals related to case no: 1:16-cr-59-RP. (Dkt. 35, 37, 39, 41, 43). On May 16th, 2017, Marquardt notified this Court that "USA vs Marquardt 1:16-CR-059(1)ss...I require these

forms however to aid in paperwork I am attempting to file on this case. Please help me acquire these forms." (Dkt. 39). The request by Marquardt regarding forms "to aid in paperwork I am attempting to file on this case" was within the 1 year time frame described under 28 U.S.C. § 2255(f):

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Upon the Clerk of the Court receiving Mr. Marquardt's notice on May 16th, 2017, the Clerk of the Court should have provided Mr. Marquardt with the proper forms to file an appeal pursuant to 28 U.S.C. § 2255 as well as the documentation to proceed in forma pauperis found on the District Courts website.[1] *Id.* See Local Court Rules, Rule CV-3(b)(2) "Such petitions and motions shall be made on forms supplied by the court or set forth in detail all the information requested in the court's forms."

Although Mr. Marquardt may not have properly filed a notice of appeal on May 16th, 2017, he did make his intention to file some type of appeal abundantly clear. "Any pro se letters received by the Clerk that mention an appeal are treated as notices of appeal and docketed as a matter of routine practice." *United States v. Longoria*, 2:12-CR-1034, at *12 (S.D. Tex. Nov. 24, 2015); "It is not

---

[1] See https://www.txwd.uscourts.gov/wp-content/uploads/Filing%20Without%20an%20Attorney/Pro%20Se%20Manual/d.%20Motion%20to%20Proceed%20in%20Forma%20Pauperis%20(AO%20240).pdf

2

unusual for *pro se* filings to be made in the form of correspondence. The docketing and noticing of such filings can be problematic for the Court and Clerk's office staff. " *In re Gibson*, In Bankruptcy No. 04-71343, at *13 n.8 (Bankr. C.D. Ill. Feb. 26, 2010); Quoting *Barnes v. United States*, No. CV-18-02636-PHX-DJH (D. Ariz. Nov. 18, 2020) ("All courts are obligated to construe *pro se* filings liberally, which "means courts must frequently look to the contents of a *pro se* filing rather than its form." *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020)).

After reviewing the Local Court Rules for the Western District of Texas, it would appear that the Clerk of the Court on May 16th, 2017, should have provided Mr. Marquardt with the proper forms for filing a Notice of Appeal, a § 2255 and/or the in forma pauperis documentation. *See* Local Court Rules, Rule CV-5(c):

> "(c) Nonconforming Documents. If a document that fails to conform with these rules is submitted, the clerk shall file the document and promptly inform the filing party that the document is not in compliance with these rules."

After receiving the same template styled letter from the Clerk of the Court on five occasions, paying the $2 fee requested by the Clerk and still not receiving any of the court required forms or his docket sheet, Mr. Marquardt came to believe the Court would not allow him to appeal his case in any manner. (Dkt. 41, 43). Clearly the full "contents" of Mr. Marquardt's correspondence at Dkt. 39 were not fully reviewed and thus the Clerk made an error which has ultimately prejudiced Mr. Marquardt. Defendant did file a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) in 2021 as he believed this was his only avenue for relief since the Court never provided him the proper forms under the Local Court Rules when he notified the Clerk of his intention to file an appeal on May 16th, 2017. (Dkt. 44).

This Honorable Court maintains jurisdiction in this matter and is capable of correcting the Clerk's error by exercising it's authority under Fed.R.Civ.P. 60(a). "Corrections Based on Clerical

3

Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Many courts have recognized that errors falling under the purview of Rule 60(a) warrant relief. "some courts have found that the failure of a court clerk to docket a document it receives can be such a "clerical mistake." *See Baez v. United States,* Crim. No. 03:97cr48 (AHN), Civ. No. 03:02cv68 (AHN), 2007 U.S. Dist. LEXIS 96202, at *12 (D. Conn. Feb. 22, 2007); *Pattiz v. Schwartz,* 386 F.2d 300, 302-03 (8th Cir. 1968) (quoting *U.S. v. Campbell,* 771 F. Supp. 2d 1, 3-4 (D.D.C. 2011)). "this type of mistake can be made by the court, as easily as by a clerk. Therefore, under Rule 60(a) ' (r)elief may be had from the clerical mistakes of the court, clerk, jury or party.' 6A Moore Federal Practice P 60.06(3) at 4057 (2d Ed.). The instant case involves a clerical mistake of the court, hence Rule 60(a) relief is appropriate." *Hegger v. Green,* 91 F.R.D. 595, 598 (S.D.N.Y. 1981).

Defendant was proceeding pro se in 2017 and is proceeding pro se once again. As such, Mr. Marquardt is requesting leniency when this Court reviews the instant motion as he is unfamiliar with the proper legal avenues available to him at this time. "The Supreme Court has instructed courts to afford some leniency regarding pleadings filed by *pro se* litigants. *McNeil v. United States,* 508 U.S. 106, 113 (1993) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). "courts hold pro se complaints to 'less stringent standards than formal pleadings drafted by lawyers.'" *Hale v. King,* 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir. 2002)).

## **CONCLUSION**

For the reasons stated herein, Defendant requests this Court grant him permission to file an appeal pursuant to 28 U.S.C. § 2255. Mr. Marquardt made his intention clear to the Court on May 16th, 2017, that he did in fact desire to file an appeal but was obviously unclear as to the proper forms

4

required and manner by which to do so. The Clerk of the Court should have provided Mr. Marquardt with the proper court forms and instructions on how to proceed with his appeal. As such, Mr. Marquardt was denied the ability to file a timely appeal under § 2255 and requests permission to do so now. The Court may act under Fed.R.Civ.P. 60(a) in order to correct the clerk's error, granting Mr. Marquardt 60 days to submit a timely appeal pursuant to 28 U.S.C. § 2255.

Petitioner certifies that the preceding statements made herein are true, correct and made with his firsthand knowledge pursuant to the penalty of perjury, pursuant to 28 U.S.C. § 1746(1).

Executed on this 2nd day of November, 2022.

Respectfully Submitted,

Mr. Timothy Marquardt, pro se

BOP#70526-380

FCI Yazoo City Low

Federal Correctional Institution

P.O. Box 5000

Yazoo City, MS 39194

## CERTIFICATE OF SERVICE

I, Timothy Marquardt, certify that the foregoing is true, correct, and made with my firsthand knowledge pursuant to the penalty of perjury, under 28 U.S.C. § 1746(1), that on the date affixed below I did mail via First Class Mail the following documents:

1. MOTION UNDER RULE 60(a) AND REQUEST TO FILE A PETITION PURSUANT TO 28 U.S.C. § 2255

Said documents were mailed to the United States District Court, Western District of Texas, Austin Division at 501 W 5th St, Suite 1100, Austin, Tx 78701.

It appears that the parties to this action are registered with the CM/ECF Electronic Docketing System, therefore I request service by that method as well as I am proceeding pro se

Executed this 2nd day of November, 2022.

Respectfully Submitted,

Mr. Timothy Marquardt, pro se

BOP#70526-380

FCI Yazoo City Low

Federal Correctional Institution

P.O. Box 5000

Yazoo City, MS 39194

6

Case 1:16-cr-00065-RP Document 55 Filed 11/07/22 Page 7 of 7

FROM: Prisonology
35 N Market St
Jacksonville, FL
32202

TO:
United States District Court
Western District of Texas
Austin Division
501 W 5th St Suite 1100
Austin, TX 78701

U.S. POSTAGE PAID
PM
WHITINSVILLE, MA
01588
NOV 03, 22
AMOUNT
$9.90
R2305H126515-15

PRIORITY MAIL

UNITED STATES POSTAL SERVICE

PRESS FIRMLY TO SEAL

Expected delivery date specified for domestic use.

Domestic shipments include up to $50 of insurance (restrictions apply).*

Tracking® included for domestic and many international destinations.

Limited international insurance.**

When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.

**See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

To schedule free Package Pickup, scan the QR code.

EXPECTED DELIVERY DAY: 11/07/22