IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY MARQUARDT | § | |
| | § | 1-23-CV-00984-RP-SH |
| v. | § | 1-16-CR-00059-RP-1 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Timothy Marquardt's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 56) and Memorandum of Law in Support (Dkt. 57), both filed August 21, 2023. The District Court referred the Motion to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for the Honorable Robert Pitman.

### I.   Background

On March 14, 2016, Timothy Marquardt ("Movant") was charged with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and Unlawful Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. 1. On April 11, 2016, Movant pleaded guilty to both charges. Dkt. 19. On June 13, 2016, the Court sentenced Movant to a 151-month term of imprisonment followed by a five-year term of supervised release and ordered him to pay a $200 special assessment. Dkt. 33. Movant did not file a direct appeal of his conviction and sentence.

On April 12, 2021, Movant filed a Motion for Modification of an Imposed Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) (the First Step Act). Dkt. 44. The Court denied the Motion for Modification, finding "no compelling or extraordinary reasons for a sentence reduction." Dkt. 45 at 1. The Court also found that Movant's claims of ineffective assistance of counsel "fall substantively within the scope of 28 U.S.C. § 2255," and noted that "[a] motion filed under the First Step Act is not a substitute for filing a timely Section 2255 motion." *Id.* Movant appealed, and the Fifth Circuit affirmed. Dkt. 54.

On November 7, 2022, Movant filed a Motion under Rule 60(a) and Request to File a Petition Pursuant to 28 U.S.C. § 2255, in which he asked the Court to "correct a clerical mistake" in the record, arguing that the Clerk should have docketed correspondence he sent to the Court in May 2017 as a notice of appeal. Dkt. 55 at 1-2. Movant also asked the Court to grant him permission to file a Section 2255 Petition based on that alleged mistake. *Id.* The Court dismissed Movant's Motion under Rule 60(a) by Text Order issued November 8, 2022, finding that there was no error and that it was unable to "consider the timeliness of a § 2255 petition until a petition is actually filed." On August 14, 2023,[1] Movant filed this Motion to Vacate his sentence under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Dkt. 56.

## II.   Analysis

Movant's Section 2255 Motion is time-barred by the one-year statute of limitations available to motions under Section 2255. Section 2255(f) provides:

---

[1] Although Movant's § 2255 Motion was not filed with the Clerk of the Court until August 21, 2023, he attests that he mailed the Motion on August 14, 2023. Dkt. 56 at 11. "Under the prison mailbox rule, a pro se prisoner's pleading is considered filed when the document is placed in the prison mailing system." *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019); *see also* Rules Governing Section 2255 Proceedings in the United States District Courts 3(d).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, as in "most cases," the statute of limitations period begins on "the date on which the judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting Section 2255(f)(1)). Movant does not assert that any of the other limitations periods apply.

The Court entered Judgment on June 14, 2016. Dkt. 33. Movant did not file a direct appeal. "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Movant's conviction became final on June 28, 2016, fourteen days after entry of judgment. *See* FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed . . . ."); *United States v. Duran*, 934 F.3d 407, 410 (5th Cir. 2019) (stating that defendant's conviction became final fourteen days after entry of judgment).

The limitations period for seeking Section 2255 relief began on that date, and Movant's Section 2255 Motion was due by June 28, 2017. *United States v. Plascencia*, 537 F.3d 385, 390 (5th Cir.

3

2008). Because Movant did not file his Section 2255 Motion until August 14, 2023, it is untimely under Section 2255(f)(1). *Id.*

The one-year limitations period in Section 2255 is not jurisdictional and may be equitably tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Movant asserts no grounds for tolling in this case. Dkt. 57. Accordingly, his Section 2255 Motion is time-barred.

### III. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Timothy Marquardt's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. 56) as time-barred under the one-year statute of limitations in 28 U.S.C. § 2255(f)(1).

### IV. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, as amended, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Movant's § 2255 motion on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See id.* ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). This Magistrate Judge recommends that a certificate of appealability not be issued.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 30, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5