IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | §   1:16-CR-059 |
| | § |
| TIMOTHY MARQUARDT, | § |
| Defendant. | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), Title 18 United States Code § 3401(i) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the petition of the United States Probation Office recommending the Court revoke the defendant's term of supervised release. The District Court referred the matter to the undersigned United States Magistrate Judge for report and recommendation.

PROCEDURAL BACKGROUND

The defendant was found guilty of the following:  Count One- Possession with intent to Distribute 50 grams or more of actual methamphetamine in violation of Title 21, United States Code §§ 841(a)(1) and  (b)(1)(A) and Count Two- Felon in Possession of a Firearm in violation of Title 18, United States Code §§ 922(g)(1) and 924(a)(2.  On June 10, 2016, the defendant was sentenced by United States District Judge Sam Sparks of the Western District of Texas to a total of one hundred fifty-one (151) months as to Count 1 and one hundred twenty (120) months as to Count 2 to be served concurrent, for a total of one hundred fifty-one months custody in the U.S. Bureau of Prisons, followed by a term of supervised release of five (5) years as to Count 1, and three (3) years as to Count 2, to be

served concurrently, for a total of five (5) years. The defendant's supervision began on November 19, 2024.

On August 15, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision. The United States Probation Office alleged the defendant violated conditions of release and sought a show-cause hearing as to why the defendant's supervised release should not be revoked. Thereafter, the undersigned authorized the issuance of a warrant. On October 8, 2025, the defendant was arrested and the defendant has remained in the custody of the United States Marshals Service since the date of defendant's arrest.

The Petition alleged the defendant violated the following conditions of release:

**Violation of Mandatory Condition No. 1:** The defendant shall not commit another federal, state, or local crime.

**Violation of Special Condition:** The defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision.

The undersigned conducted a hearing on this matter on October 27, 2025. Prior to the hearing, the defendant waived the defendant's right to a preliminary hearing. During the hearing the defendant meaningfully participated and addressed the court. To be clear, the Defendant pled TRUE to having violated the aforementioned Special Condition, but pleaded NOT TRUE to having violated Mandatory Condition No. 1. Nonetheless, the Government put on sufficient evidence to establish by a preponderance of the evidence that the Defendant violated Mandatory Condition No. 1.

## **FINDINGS OF THE COURT**

1. The defendant understood the petition and the charges alleged against the defendant and had the opportunity to discuss the petition and charges with the defendant's attorney.

2. The defendant freely, intelligently, and voluntarily pled true to having violated the Special Condition described in the Petition.

3. The Government established by a preponderance of the evidence that the Defendant violated

Mandatory Condition No. 1.

4. The defendant had both a factual and rational understanding of the proceedings against the defendant.

5. The defendant did not suffer from any physical or mental impairment that would affect the defendant's ability to fully understand the charges against the defendant or the consequences of the defendant's plea.

6. The defendant was sane and mentally competent at the time of these proceedings.

7. The defendant was sane and mentally competent to assist the defendant's attorney in the preparation and conduct of the defendant's defense.

8. The defendant waived the defendant's right to a preliminary hearing.

9. The defendant understood all of the defendant's statutory and constitutional rights and desired to waive those rights.

10. The defendant understood that the defendant had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Court finds the defendant violated a condition, or conditions, of the defendant's term of supervised release and that there is a factual basis in support of that finding.

## **FACTORS CONSIDERED**

The Court has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

- a. the nature and circumstances of the offense, § 3553 (a)(1);
- b. the history and characteristics of the defendant, (a)(1);
- c. to afford adequate deterrence to criminal conduct, (a)(2)(B);
- d. to protect the public, (a)(2)(C);
- e. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
- f. the kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
- g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

      h.     the need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment were not considered by the Court.

## **RECOMMENDATIONS**

The Magistrate Court has carefully considered the arguments of counsel, the evidence presented by the parties and has taken judicial notice of the original pre-sentence report, and the Petition, the Adjustment Summary and the Violation Conduct Computation prepared by the United States Probation Office.

In light of the factors set forth above, the Magistrate Court recommends that the District Court impose the following in relation both Counts One and Two. Specifically, that the Defendant's term of supervised release be **REVOKED.** The Magistrate Court further recommends that the defendant be **incarcerated for Twelve (12) months**. The Magistrate Court further recommends that the District Court **impose a Twenty-Five (25) month term of supervised release to follow incarceration**.

The Magistrate Court would further recommend that while on supervised release the defendant shall not commit another federal, state, or local crime, and shall comply with the mandatory and standard conditions adopted by this court on November 28, 2016, a copy of which is attached below.

In addition, the Magistrate Court would also recommend that the defendant's term of supervised release includes the following additional special conditions for the reasons stated:

**Previously imposed special conditions to be re-imposed after revocation**

**Special Condition No. 1:** *To address the offender's treatment needs:* The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

**Special Condition No. 2:** *To address the offender's treatment needs:* The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program. The probation

officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of such treatment if financially able.

**Special Condition No. 3:** *To address the offender's treatment needs:* The defendant shall take all mental health medications that are prescribed by the treating physician.

**Special Condition No. 4:** *To address the offender's treatment needs:* The defendant shall not use or possess alcohol.

**Special Condition No. 5:** *As a deterrent for any illegal activity:* The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

**Newly imposed special conditions**

**Special Condition No. 6:** *As a deterrent for any illegal activity:* The defendant shall participate in the SCRAM (Secure Continuous Remote Alcohol Monitoring) program of testing for alcohol abuse, as directed by the probation officer, which shall include the use of a remote alcohol testing system for a period of 180 days. The Court further orders that the defendant shall pay for the costs of the remote alcohol testing system, as directed by the probation officer.

**Special Condition No. 7:** *As a deterrent for any illegal activity:* The defendant have no contact with S.P., the victim of the conduct described in the Petition as it relates to the violation of Mandatory Condition No. 1.

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations

in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on October 27, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
CONDITIONS OF PROBATION AND SUPERVISED RELEASE
(As Amended November 28, 2016)

It is **ORDERED** that the Conditions of Probation and Supervised Release applicable to each defendant committed to probation or supervised release in any division of the Western District of Texas, are adopted as follows:

Mandatory Conditions:

[1]     The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]     The defendant shall not unlawfully possess a controlled substance.

[3]     The defendant shall refrain from any unlawful use of a controlled substance.     The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]     The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]     If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]     If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]     If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

[8]     The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]     The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.


Standard Conditions:

[1]     The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different    probation office or within a different time frame.

[2]     After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]     The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]     The defendant shall answer truthfully the questions asked by the probation officer.

[5]     The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

[6]     The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

[7]     The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so.    If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change.    If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8]     The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity.    If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9]     If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10]    The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11]    The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12]    If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13]    The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14]    If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

(15) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16]    If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17] If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.