UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| United States of America | § |
| | § |
| vs. | §   NO:  AU:16-CR-00059(1)-RP |
| | § |
| (1) Timothy Marquardt | § |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the court is the above styled and numbered cause. On August 15, 2025 the United States Probation Office filed a Petition For Warrant or Summons For Offender Under Supervision for Defendant (1) Timothy Marquardt, which alleged that Marquardt violated a condition of his supervised release and recommended that Marquardt's supervised release be revoked (Clerk's Document No. 66). A warrant issued and Marquardt was arrested. On October 8, 2025, Marquardt appeared before a United States Magistrate Judge, was ordered detained, and a revocation of supervised release hearing was set..

Marquardt appeared before the magistrate judge on October 27, 2025, waived his right to a preliminary hearing and to be present before the United States District Judge at the time of modification of sentence, and consented to allocution before the magistrate judge. Following the hearing, the magistrate judge signed his report and recommendation on October 27, 2025, which provides that having carefully considered all of the arguments and evidence presented by the Government and Defendant, based on the original offense and the intervening conduct of Marquardt, the magistrate judge recommends that this court

revoke Marquardt supervised release and that Marquardt be sentenced to imprisonment for 12months, with a term of 25 months of supervised release to follow the term of imprisonment (Clerk's Document No. 78).

A party may serve and file specific, written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the district court. *See* 28 U.S.C.§ 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass'n,* 79 F.3d1415 (5th Cir. 1996) *(en banc).* The parties in this cause were properly notified of the consequences of a failure to file objections.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Magistrate Judge filed in this cause (Clerk's Document No. 78 ) is hereby ACCEPTED AND ADOPTED by this court.

**IT IS FURTHER ORDERED** that Defendant (1) Timothy Marquardt 'sterm of supervised release is hereby REVOKED.

**IT IS FURTHER ORDERED** that Defendant (1) Timothy Marquardt be imprisoned for 12 months with a term of supervised release of 25 months to follow the term of imprisonment. All prior conditions of supervised release are reimposed.

**IT IS FURTHER ORDERED** that while on supervised release the defendant shall not commit another federal, state, or local crime, and shall comply with the mandatory and standard conditions adopted by this court on November 28, 2016.

**IT IS FINALLY ORDERED** the defendant shall comply with the following special conditions.

The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of such treatment if financially able.

The defendant shall take all mental health medications that are prescribed by the treating physician.

The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search shall be conducted at a reasonable time and in a reasonable manner.

The defendant shall participate in the SCRAM (Secure Continuous Remote Alcohol Monitoring) program of testing for alcohol abuse, as directed by the probation officer, which shall include the use of a remote alcohol testing system for a period of 180 days. The Court further orders

that the defendant shall pay for the costs of the remote alcohol testing system, as directed by the probation officer.

The defendant have no contact with S.P., the victim of the conduct described in the Petition as it relates to the violation of Mandatory Condition No. 1.

Signed this 5th 5th day of November, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE